IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CREDICO | : | CIVIL ACTION |
| v. | : | |
| KURT BELFONTI, et al. | : | NO. 14-4219 |

FILED JUL 2 2 2014

MEMORANDUM

SÁNCHEZ, J.                                             JULY 22nd, 2014

      Justin Credico, a prisoner incarcerated at the Federal Detention Center in Philadelphia, filed this civil action against two prison employees (Supervisor Kurt Belfonti and CSO J. Butts) and two agents of the Federal Bureau of Investigation (Agent Carpenter and an unknown agent) based on circumstances related to his arrest and confinement. Currently before the Court is plaintiff's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g).

      According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Sh*—

ENTERED
JUL 2 2 2014
CLERK OF COURT

1

715 F.3d 117, 126 (3d Cir. 2013). Plaintiff, a frequent litigator in this Court, accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See Credico v. Milligan*, 544 F. App'x 46, 48 (3d Cir. 2013) (per curiam) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Credico v. Unknown Official for U.S. Drone Strikes*, 537 F. App'x 22 (3d Cir. 2013) (per curiam) (same); *Credico v. CEO Idaho Nat'l Lab.*, 461 F. App'x 78 (3d Cir. 2012) (per curiam) (dismissing appeal as frivolous); *Credico v. Milligan*, E.D. Pa. Civ. A. No. 13-4111 (E.D. Pa.) (July 24, 2013 Memorandum and Order dismissing the case as frivolous); *Credico v. Unknown Official for Drone Strikes*, E.D. Pa. Civ. A. No. 13-1311 (E.D. Pa.) (April 15, 2013 Order dismissing the case as frivolous); *Credico v. CEO Idaho Nat'l Lab.*, E.D. Pa. Civ. A. No. 11-6025 (Oct. 4, 2011 Order dismissing the case as frivolous).

In light of plaintiff's three strikes, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar*, 239 F.3d at 315. Vague, general, or conclusory allegations are insufficient to establish that a plaintiff is in imminent danger. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013). Furthermore, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). "In deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99 (emphasis and footnote omitted).

Plaintiff alleges that Agent Carpenter and an unknown FBI agent seized and destroyed his property, apparently upon taking him into federal custody. Plaintiff further claims he was denied access to the courts because CSO Butts' unfamiliarity with regulations concerning mail allegedly prevented him from filing a "1915(g) petition." He also brings claims based on his allegation that Belfonti retaliated against him after he told Belfonti of his intention to file a lawsuit for "state tort malpractice." In his complaint, plaintiff asserts the following injuries: (1) "illegal seizure of property"; (2) "interference w/ access to courts"; (3) "due process violation"; (4) "retaliation for free speech and protected activity"; (5) "CFR 28-540.21"; (6) "false arrest"; and (7) "retaliation for free speech." (Compl. ¶ III.) He seeks the following relief: (1) "IFP grant per § 1915(g) for the interference with the court"; (2) "property delivered to place of choosing"; (3) "$1,000,000 (after taxes, costs, fees) since [plaintiff] had works of music and the arts and a novel that he was writing which he was going to copyright; which FBI Agents took"; (4) "no further retaliation to petitioner"; (5) "no further stealing of people's property by FBI"; (6) "All legal mail should be stamped if persons cannot access stamps"; and (7) "$600 for the time spent in SHU." (*Id.* ¶ V.)

In an effort to establish that he is in imminent danger for purposes of § 1915(g), plaintiff supplemented his complaint with allegations that rats are running around the prison where he is confined, possibly subjecting him to numerous diseases. Plaintiff also attached to his *in forma pauperis* motion a "Motion to Proceed under 1915(g) Imminent Danger" and exhibits. The exhibits appear to relate to the incident plaintiff had with Belfonti. They reflect that plaintiff sought medical treatment for an itchy eye, a respiratory issue, and rabies. He was apparently dissatisfied with his treatment or lack of treatment, and initiated an argument with Belfonti and another officer during which he told Belfonti that he was going to file a malpractice claim

3

against the prison's medical department. During the incident, Belfonti allegedly threatened to "fuck [plaintiff's] lawsuits up" and to "fuck up [plaintiff]." Plaintiff was then handcuffed. It appears he was subsequently disciplined and housed in the SHU.

Plaintiff's allegations that FBI agents took his property, that he has been denied access to the courts, and that he has been housed in the SHU do not establish that he is in any danger, let alone imminent danger. With respect to Belefonti's threat to "fuck up [plaintiff]," a lone, generalized threat by a correctional officer, which does not appear to be part of any ongoing pattern, is insufficient to establish that plaintiff is in imminent danger. *See Abdul-Akbar*, 239 F.3d at 315 n.1 ("[W]hile Appellant does allege that he complained for a year about the use of pepper gas, and that prison officials engaged in 'continuing harassment, ploits [sic] to hurt or kill [him], and other forms of retaliation,' such generalized allegations strike us as insufficient to connect the separate incidents mentioned [in plaintiff's complaint into] a pattern of threats of serious physical injury that are ongoing" (citations omitted)); *Brown v. City of Phila.*, Civ. A. Nos. 05-4160, 06-2496, 06-5408 & 08-3369, 2009 WL 1011966, at *13 & n.16 (E.D. Pa. Apr. 14, 2009) (plaintiff's allegations that, among other things, he was subject to threats to his life and safety due to his litigious history did not satisfy imminent danger exception). Plaintiff's remaining allegations concerning his conditions of confinement do not relate to the conduct for which he seeks redress, and are therefore irrelevant to the § 1915(g) analysis.

Accordingly, the Court will deny his motion to proceed *in forma pauperis*. An appropriate order follows.